UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MARCO BUNN, #324705

                Petitioner,

v.                                             2:05CV264

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

                Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

      This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 28 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.  STATEMENT OF THE CASE

#### A.  Background

      On August 21, 2003, in the Circuit Court for the City of Portsmouth, Virginia, petitioner was convicted of two counts of robbery, two counts of use of a firearm, (Case No. CR02-2784); statutory armed burglary, and use of a firearm, (Case No. CR02-3366). Petitioner was sentenced to serve thirty years imprisonment. Petitioner filed an appeal in the Virginia Court of Appeals, which was denied on April 14, 2004. Petitioner then appealed to the Supreme Court of Virginia, but the Court refused the appeal on August 19, 2004.

      On May 2, 2005, petitioner filed a petition for writ of habeas corpus in federal court, and on August 31, 2005, respondent filed a

motion to dismiss and Rule 5 answer.   The matter is now ripe for consideration.

### B.  Grounds Alleged

Petitioner's sole claim is that the trial court violated his Sixth Amendment right to confrontation, when it denied him recross-examination of a witness.

## II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993).  The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely.  In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference.  See Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B.   Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law.  In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court.  See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)).  As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations.  Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

### C.   Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i)  there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
> (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings.  See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also  Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997).  Respondent concedes, and the Court agrees, that for purposes of federal review, petitioner's claims are exhausted.

## C.  Petitioner's Claim is Without Merit

Petitioner alleges that "his Sixth Amendment right to confrontation was violated because the trial court denied him re-cross examination of Jonathan Williams, thus preventing defense counsel from clarifying conflicting evidence." (Br. in Support of Mot. to Dismiss at 2.)  Petitioner's attorney sought to question Williams on recross-examination regarding a photograph that was shown to Williams during cross-examination in which Williams misidentified the individual in the photo as Robert Hucks.  (Tr. at 65.)  The trial court noted that the problem was that the witness "had never seen Robert Hucks before the night in question. [The witness] had said he [had] seen [petitioner] and knew [him] from the neighborhood, which gives you a different perspective for identification purposes, . . ."  (Tr. at 65.)  Thus, the trial court refused to allow the recross, stating it did not "think there's anything new that needs to be explored."  (Tr. at 65-66.)

The right to cross-examination is not limitless.  Trial courts "retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, . . . interrogation that is repetitive or only marginally relevant." Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). Petitioner asserts that the trial court's refusal to allow recross-examination prevented him from "clarifying earlier conflicting testimony" of Williams.  (Pet'r Opposing Aff. (Doc. #13) at 1.)  However, the trial court's ruling indicates that he understood the conflicts in Williams' statement and did not require further clarification.  On appeal, the Virginia Court of Appeals held that the "credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder

who has the opportunity to see and hear that evidence as it is presented." Va. Ct. App. Ord. April 14, 2004 (quoting <u>Sandoval v. Commonwealth</u>, 455 S.E.2d 730, 732 (Va. 1995)). This Court agrees.

As the Supreme Court has held, the "Confrontation Clause guarantees an <u>opportunity</u> for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." <u>Delaware v. Fensterer</u>, 474 U.S. 15, 20 (1985)(emphasis in original). Furthermore, the "Confrontation Clause is rarely implicated when a state court limits the scope of cross-examination on an issue that is collateral to the defendant's guilt or innocence." <u>Sexton v. Kemna</u>, 278 F.3d 808, 815 (8th Cir. 2002). In petitioner's case, the trial court found the line of questioning regarding Williams' misidentification of Robert Hucks in the photograph to be unnecessary. (Tr. at 65-66.) Thus, the trial court properly limited the extent of the cross-examination. Therefore, petitioner's claim is without merit and should be DISMISSED.

### III.   RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss, or in the alternative, motion for summary judgment be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. <u>See</u> <u>Miller-El v. Cockrell</u>, 123 S.Ct. 1029, 1039 (2003).

## IV.   REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules.  See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b).  A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  See Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).


                                        /s/
                                  James E. Bradberry
                                  United States Magistrate Judge
Norfolk, Virginia

     October 18  , 2005

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

Marco Bunn, #324705, <u>pro</u> <u>se</u>
Wallens Ridge State Prison
P.O. Box 759
Big Stone Gap, VA  24219


Virginia B. Theisen, Esquire
Assistant Attorney General of Virginia
900 E. Main Street
Richmond, VA  23219


Elizabeth H. Paret, Clerk


By _____
             Deputy Clerk

_____, 2005