UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**MARCO BUNN, #324705**

        **Petitioner,**

v.                          2:05CV264

**GENE M. JOHNSON, Director of the
Virginia Department of Corrections,**

        **Respondent.**

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254.

The petition alleges violation of federal rights pertaining to petitioner's convictions on August 21, 2003, in the Circuit Court for the City of Portsmouth, Virginia, for two counts of robbery, three counts of use of a firearm, and statutory armed burglary, as a result of which he was sentenced to serve thirty years in the Virginia penal system.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 29 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge filed his report recommending dismissal of the petition on October 18, 2005. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received from petitioner on November 1, 2005, objections to the report.

The Court, having reviewed the record and examined the objections filed by the petitioner and having made de novo findings with respect to the portions objected to, does hereby adopt and approve the

findings and recommendations set forth in the Report of the United States Magistrate Judge filed October 18, 2005.  It is, therefore, ORDERED that the petition be DENIED and DISMISSED on the merits and that judgment be entered in respondent's favor.

To the extent that petitioner objects to the Magistrate Judge's conclusion that the decision of the trial court to deny defense counsel the right to recross-examine Jonathan Williams was correct, the objection is without merit.  The record reveals that defense counsel extensively cross-examined Williams, who was the victim of the robbery. In the course of direct testimony, Williams identified petitioner as entering the house with the other robbers, indicated that he knew petitioner from the neighborhood, that he learned petitioner's name from seeing him in court, stated that petitioner had a black semi-automatic handgun, saw petitioner point the gun at a young woman, and heard conversations between the robbers but could not tell which voice was petitioner's.  (Tr. at 42-49.)  On cross-examination, Williams stated that he saw petitioner when he entered the room and that he heard, what he assumed was petitioner's voice when petitioner responded to a question.  (Tr. at 51, 53.)  Williams also indicated that he identified some of the robbers in a photo line-up and made a statement to "go along with the identification."  (Tr. at 54.)  When given a copy of the photo line-up, Williams was unable to say whether it reflected the individuals he viewed because it was a poor copy, but when the original photo line-up was obtained and shown to Williams, he was able to identify the line-up and testified that he identified picture number three, which was petitioner, in the course of viewing the photo line-up.  (Tr. at 55-57.) On redirect examination, the Commonwealth Attorney asked Williams about

his identification of Robert Hucks, a co-defendant, in the course of the line-up. (Tr. at 63-64.) However, Williams also noted that there was another man in the line-up that looked like Hucks. The redirect examination does not address the actions or identification of petitioner.

In the course of denying counsel's right to recross-examine Williams, the court said:

> There hasn't been a thing that's said different from when she asked or when you had asked him, and I really don't need to hear him say he doesn't remember why he said what a fourth or fifth time. His testimony is very clear as to what was said. It's in writing. He said, that's not what happened. He doesn't remember why he said that. What else is there to explore?

(Tr. at 65.)

The trial court exercised its judgment and determined that recross-examination was not appropriate, as there was not any new matter raised on redirect examination that required further inquiry. As the Supreme Court has said, the "confrontation clause guarantees an <u>opportunity</u> for effective cross-examination, not cross-examination that is effective in whatever way or to whatever extent the defense may wish." <u>Delaware v. Fensterer</u>, 474 U.S. 15, 20 (1985)(emphasis in original).

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. <u>See</u> <u>Miller-El v. Cockrell</u>, 123 S.Ct. 1029, 1039 (2003).

   The Clerk shall mail a copy of this Final Order to petitioner and to counsel of record for the respondent.

                **/s/ Jerome B. Friedman**
                **UNITED STATES DISTRICT JUDGE**

**Norfolk, Virginia**

**November 17, 2005**